

**Berger&Montague, P.C.**
ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NO.
**(215) 875-3084**

WRITER'S INTERNET ADDRESS
**mdavidoff@bm.net**

October 10, 2014

<u>VIA ECF</u>

Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re:   *IN RE: COMMODITY EXCHANGE, INC., GOLD FUTURES AND OPTIONS TRADING LITIGATION*, 14-MD-2548 (VEC)

   *This Document Relates to All Actions*

Dear Judge Caproni:

   As directed by the Court at the October 2, 2014 status conference, we write on behalf of plaintiffs to request that limited discovery commence on December 15, 2014 upon the filing of the consolidated amended complaint.  Specifically, plaintiffs request the ability to pursue documents already assembled and produced to government regulators,[1] serve third party document subpoenas, and conduct 30(b)(6) depositions to identify document collections and custodians.[2]  Permitting this limited discovery that entails minimal burden to defendants strikes an appropriate balance between the efficient resolution of this case and the avoidance of unnecessary expense.

---

   [1]   The CFTC, the U.K. Financial Conduct Authority ("FCA"), and the German financial regulator BaFin are conducting investigations into defendants' manipulation of the London Gold Fix.  *See* Complaint, *Moran v. The Bank of Nova Scotia*, ECF No. 2, at ¶¶ 135-37 (S.D.N.Y. Mar. 28, 2014) ("*Moran* compl.").

   [2]   Plaintiffs agree to defer production of all documents not previously gathered and produced and to defer any litigation involving third party subpoenas until defendants' forthcoming motions to dismiss are resolved.  Plaintiffs may request appropriate jurisdictional discovery depending on the nature of defendants' motions to dismiss.

Defendants must show "good cause" for staying discovery. Fed. R. Civ. P. 26(c). Good cause "requires a showing of facts militating in favor of the stay," *In re Currency Conversion Fee Antitrust Litig.*, MDL 1409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002), and demonstrating "a particular need for protection." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 64 (S.D.N.Y. 2010). Even in complex cases the "imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision." *Currency Conversion*, 2002 WL 88278, at *1; *Moran v. Flaherty*, 92 Civ. 3200 (PKL), 1192 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (same).[3] In determining whether the party seeking a stay has shown "good cause" courts consider the following three factors, "(1) [whether there is] a strong showing, by the defendants, that the plaintiffs' claim(s) lack merit; (2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff." *Kassover v. UBS A.G.*, 08 Civ. 2753 (LMM) (KNF), 2008 WL 5395942, at *4, *5 (S.D.N.Y. Dec. 19, 2008).

***Motion to Dismiss.*** Defendants have not made a strong showing that plaintiffs' claims lack merit. *See Currency Conversion*, 2002 WL 88278, at *2 (merely providing in "skeletal form the grounds on which [defendants] intend to dismiss . . . does not militate in favor of a stay"). In fact the defendants have acknowledged that this case is likely to survive motions to dismiss. *See* Oct. 2., 2014 Hr'g Tr. at 18 (Mr. Lacovara: "[T]he theory and the thesis of the complaint is because of academic work and the ample fact investigation that has been done [and] they are more than enough to survive a motion to dismiss."). Plaintiffs are confident that their well-researched and thorough allegations, supported by economic and other evidence, more than satisfy their pleading burden. The likelihood that this case will survive the motions to dismiss grows stronger by the day, as government investigations confirm the very allegations of the

---

[3] Courts in this District routinely allow document discovery to proceed during the pendency of the motion to dismiss. *See* Report of the Judicial Improvements Committee, Pilot Project Regarding Case Management Techniques for Complex Civil Cases, page 4, Part II.A (Oct. 2011) ("discovery of documents, electronically stored information and tangible things may proceed pursuant to Rule 34, but all other discovery with respect to any claim that is the subject of the [dispositive] motion is stayed pending the Court's decision on the motion"). Examples of courts permitting discovery in complex litigation during the pendency of a motion to dismiss are widespread. *See In re Lithium Ion Batteries Antitrust Litig.*, 13-md-2420, ECF No. 346 (N.D. Cal. Dec. 6, 2013) (ordering production of grand jury documents "to help move the litigation along"); *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013) (all discovery); *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1113 (N.D. Cal. 2012) (documents produced to DOJ); *In re Platinum and Palladium Commodities Litig.*, No. 10 Civ. 3617 (WHP), ECF No. 59, at *1-2 (S.D.N.Y. Nov. 30, 2010) (not overly burdensome to produce "approximately 250,000 pages" of documents that had been produced to CFTC); *Kassover*, 2008 WL 5395942, at *1, *4-5 (documents produced to government authorities); *ADL, LLC v. Tirakian*, CV 2006-5076 (SJF), 2007 WL 1988751, at *3 (E.D.N.Y. July 5, 2007) (documents produced in prior action); *In re Vitamin C Antitrust Litig.*, 237 F.R.D. 35, 37 (E.D.N.Y. 2006) (all discovery); *In re Plastics Additives Antitrust Litig.*, 03-2038, 2004 WL 2743591, at *10-12 (E.D. Pa. Nov. 29, 2004) (documents produced to DOJ); *Currency Conversion*, 2002 WL 88278, at *1 (all documents).

complaints.  For example, the FCA recently fined defendant Barclays the equivalent of $44 million for failing to have proper internal controls in place and failing to manage conflicts between itself and customers relating to the London Gold Fix from 2004 to 2013.  *See* FCA Press Release, Barclays fined £26m for failings surrounding the London Gold Fixing and former Barclays trader banned and fined for inappropriate conduct (May 5, 2014), *available at* https://fca.org.uk/news/barclays-fined-26m-for-failings-surrounding-the-london-gold-fixing.

Because this case is very likely to move forward, it is in the interest of efficiency to permit limited discovery during the significant time it will take to brief (and, respectfully, to thoughtfully adjudicate) motions to dismiss these consolidated cases.  *See Alford v. City of New York*, 11 Civ. 622 (ERK) (MDG), 2012 WL 947498, at *1-2 (E.D.N.Y. Mar. 20, 2012) (where court is "doubtful that defendants will succeed in dismissing all of the claims against them" it weighs in favor of discovery proceeding); *Osan Ltd. v. Accenture LLP*, 05 Civ. 5048 (MDG) , 2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006) (denying motion to stay because "[w]hile defendants may have substantial arguments for dismissal of several of the claims, this Court is doubtful that defendants will succeed in dismissing the entire lawsuit"); *In re Chase Manhattan Corp. Sec. Litig.*, 90 CIV. 6092 (LMM), 1991 WL 79432 (S.D.N.Y. May 7, 1991) ("Should the complaint . . . be sustained . . . commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action.").

***Burden.***  Defendants offer no evidence to support their conclusory assertion that the discrete, targeted discovery requested by plaintiffs "would engender costly and time-consuming satellite litigation[.]"  Joint Letter to Judge Caproni, ECF No. 7, at 4 (Sept. 26, 2014).  Such speculative claims are insufficient to establish "good cause" to stay all discovery.  *Kassover*, 2008 WL 5395942, at *1; *see also Spring Valley Water Co. v. Cosco Indus., Inc.*, 91 Civ. 0410 (PKL), 1992 WL 8230, at *3 (S.D.N.Y. Jan. 10, 1992) ("[T]his Court is loathe to grant a stay of discovery based on the speculative assertions of the movant."); *Waltzer v. Conner*, No. 83 Civ. 8806, 1985 WL 2522 (SWK), at *1 (S.D.N.Y. Sept. 12, 1985) (denying motion to stay discovery and stating that bare assertions of "'[b]urdensome and oppressive' is a shibboleth of little value to th[e] Court" and "good cause is not necessarily established solely by showing that discovery may involve inconvenience and expense").  And the fact that discovery might prove to be more difficult in this case due to foreign defendants is "all the more reason to make an early start."  *Vitamin C Antitrust Litig.*, 237 F.R.D. at 37 (ordering discovery from Chinese defendants during pendency of defendants' anticipated motions to dismiss).

Plaintiffs have voluntarily limited the scope of discovery to documents that defendants ***have already gathered and produced***, serving third party subpoenas, and 30(b)(6) depositions to identify document collections and custodians.  Courts have repeatedly found that discovery of documents that have already been gathered and produced does not pose the burden or expense to warrant a stay.  *See supra* n.3.  Courts have even repeatedly lifted the statutorily-mandated PSLRA automatic discovery stay when plaintiffs seek discovery of such documents.[4]  Further,

---

[4] *See In re Bank of Am. Corp. Sec. Derivative & Employment Ret. Income Sec. Act (ERISA) Litig.*, 09 MDL 2058 (DC), 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (where defendant had "already collected, reviewed, and organized the documents for production in other (footnote continued)

defendants cannot "realistically claim that [they] need protection from . . . subpoenas directed to [] third parties." *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). The fact that third party subpoenas may need to be negotiated and then litigated (although plaintiffs agree to hold off any litigation until after the motions to dismiss are decided) is all the more reason to serve those subpoenas as soon as possible.

*Prejudice.* Further weighing against defendants' request is the prejudice plaintiffs will suffer if all discovery is stayed. The *Moran* complaint was filed on March 28, 2014 and the motions to dismiss will not be fully briefed until April 29, 2015. In deference to the Court's busy docket, a decision on defendants' motion could take several months, if not longer, thereby deferring commencement of all discovery until at least the middle of 2015. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("prejudice to [a party] resulting from [an] unreasonable delay may be presumed"); *In re Term Commodities Cotton Futures Litig.*, 12 Civ. 5126 (ALC), 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (granting stay in part because motion to dismiss was being argued within the next nine days and "the stay is for a short period of time"); *SEC v. Jones*, 04 Civ. 4385, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) ("[s]tays in proceedings may result in prejudice to plaintiffs because witnesses relocate [and] memories fade"); *Lasala v. Needham & Co.*, 2005 WL 2094938, at *3 (S.D.N.Y. Aug. 30, 2005) ("if there is even a fair possibility that the stay for which he prays will work damage to someone else, the movant must make out a clear case of hardship or inequity in being required to go forward") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (internal quotation marks omitted)). Such delay is contrary to the public's interest in the "expeditious resolution" of class action claims, *see Plastics Additives*, 2004 WL 2743591, at *8, and is exacerbated by the fact that government investigations are ongoing. *See Seippel*, 2005 WL 388561, at *2 (lifting PSLRA discovery stay because "government investigations and lawsuits are ongoing" and plaintiffs "will be prejudiced if they lack access to documents which have been produced to others").

Plaintiffs are also concerned that the London Gold Fix is currently in a state of significant transformation.[5] As a result, document preservation notices may be insufficient to ensure that all

---

proceedings, the burden of making another copy for plaintiffs here will be slight"); *Seippel v. Sidley, Austin Brown & Wood LLP*, 03 Civ. 6942 (SAS), 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005) ("courts have lifted the [PSLRA] stay as to documents which already been produced to the government"); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181, 183 (S.D.N.Y. 2004) (reviewing securities cases where PSLRA automatic discovery stay was lifted during pendency of motion to dismiss because materials had previously been produced to the government).

[5] In April 2014, defendant Deutsche Bank failed to sell its seat on the Fix and formally resigned from the Fix. *See Moran* compl. at ¶ 136; *see also* Francesca Freeman, *Deutsche Bank Resigns From Gold Price-Setting Panel*, THE WALL STREET JOURNAL (Apr. 29, 2014), *available at* http://online.wsj.com/news/articles/SB10001424052702303939404579531641606797048. In July 2014, the four remaining defendant banks announced that also intend to cease participating in the Fix and that the Fix will be overhauled. *See* Francesca Freeman, *London Gold Fix to Be Overhauled*, THE WALL STREET JOURNAL (July 16, 2014), *available at* http://online.wsj.com/articles/london-gold-fix-to-undergo-major-overhaul-1405502800.

relevant evidence is preserved until at least the summer of 2015.  *See In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) ("Faced with a shifting corporate landscape and concerns about evidentiary loss that are by no means wholly speculative, the plaintiffs are not required to rely on the assurances of counsel that relevant evidence will be preserved.").  Plaintiffs' concerns are not mere speculation—as part of the FCA's recent $44 million Barclays fine the FCA found that a Barclays trader who had executed improper trades at the Fix "was misleading and untruthful" and attempted "to hide his misconduct."  *See* Financial Conduct Authority, Final Notice To: Daniel James Plunkett, at 2.8 (May 23, 2014), *available at* https://fca.org.uk/static/documents/ final -notices/daniel-james-plunkett.pdf.  Allowing limited discovery to proceed will also inform plaintiffs of the non-parties with whom defendants dealt and will permit plaintiffs to serve document preservation subpoenas on all relevant parties, to name new defendants, and to interview non-party witnesses.  *See LaBranche*, 333 F. Supp. 2d at 181, 183 (denying discovery stay where plaintiffs would be "prejudiced by their inability to make informed decisions about their litigation strategy in this rapidly shifting landscape").

It bears emphasizing that plaintiffs do not seek this limited discovery to bolster the allegations of a sparse complaint.  The concern that plaintiffs are hoping to discover facts that would make their claims plausible ignores the detailed allegations and independently developed evidence contained in the *Moran* complaint.  *See In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (no evidence that plaintiff was using discovery as a "fishing expedition to find a sustainable claim" when "complaint alleges facts that [plaintiff] found independently in support of its claims").  If defendants have legitimate concerns regarding confidentiality then those concerns can be alleviated through the entry of an appropriate protective order, although the demise of the Fix should attenuate those concerns.

Simply put, defendants cannot demonstrate "good cause" to prevent limited discovery from commencing upon the filing of plaintiffs' consolidated amended complaint.

Respectfully submitted,

  /s/ *Daniel L. Brockett*                                                    /s/ *Merrill G. Davidoff*

Daniel L. Brockett                                                           Merrill G. Davidoff
QUINN EMANUEL URQUHART                  BERGER & MONTAGUE, P.C.
  & SULLIVAN LLP                                              1622 Locust Street
51 Madison Ave., 22nd Floor                        Philadelphia, PA 19103
New York, NY 10010

cc:     All Counsel of Record (via ECF)