

**quinn emanuel** trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S INTERNET ADDRESS
**danbrockett@quinnemanuel.com**

March 29, 2016

<u>VIA ECF</u>

Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re:   *In re: Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, 1:14-md-02548

Dear Judge Caproni:

On behalf of Plaintiffs, we write to submit the enclosed decision by Judge Furman in *Alaska Electrical Pension Fund v. Bank of America Corp.*, 14-cv-7126 (S.D.N.Y.) as supplemental authority in connection with the pending motions to dismiss. *Alaska Electrical* involved allegations that a group of banks conspired to rig a financial benchmark ("ISDAfix").

***On injury-in-fact***, the court found plaintiffs met their "low threshold" by alleging that they "transacted in interest rate derivatives . . . directly impacted" by the manipulation. The court rejected the relevance at the pleading stage of the banks' hypothetical that the injury might have been "outweighed by other benefits." Op. at 8-9.

***On plausibility***, the court rejected the banks' attempt to provide alternative non-conspiratorial explanations for pricing anomalies uncovered by plaintiffs' consultants—including evidence of "banging the close," and evidence that behavior changed following government investigations. The court also cited favorably the inclusion of allegations regarding the presence of government investigations. On motive and feasibility, the court recognized the banks' status as "major players" who were "jointly motivated by a desire to maximize profits," in a way that could not be done alone, as plus factors. The court found the benchmark-rigging conspiracy to be "economically sensible and feasible" even if the banks' portfolios were not "perfectly aligned," pointing out that banks have already admitted to rigging other financial benchmarks. *Id.* at 10-13.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

***On antitrust standing***, the court found that a benchmarking conspiracy that was carried out in part through "banging the close" market activities distinguished the case from *LIBOR I*. *Id.* at 14-16.  Even more "broadly," the court "respectfully disagree[d] with the *LIBOR I* Court's legal conclusion." *Id.* at 16-20.

***On timeliness***, the court found allegations that the conspiracy was secretive by nature, and thus fraudulently concealed, well-pled.  The court noted that "the trends identified in the Amended Complaint are subtle and required the aggregation of massive quantities of data." *Id.* at 31-34.

Respectfully submitted,


/s/ Daniel L. Brockett  
Daniel L. Brockett  
QUINN EMANUEL URQUHART  
  & SULLIVAN LLP  
51 Madison Ave., 22nd Floor  
New York, NY 10010  

/s/ Merrill G. Davidoff  
Merrill G. Davidoff  
BERGER & MONTAGUE, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  

cc:   All Counsel of Record (via ECF)

2