

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S INTERNET ADDRESS
danbrockett@quinnemanuel.com

March 31, 2016

<u>VIA ECF</u>

Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re:   *In re: Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, 1:14-md-02548

Dear Judge Caproni:

We write on behalf of Plaintiffs in response to Defendants' March 30, 2016 letter, which misstates the holding and relevance of Judge Furman's recent decision in *Alaska Electrical Pension Fund v. Bank of America Corp.*, 14-cv-7126 (S.D.N.Y.).

*First*, Defendants distinguish *Alaska Electrical*'s "efficient-enforcer" analysis. But we did not proffer the opinion for its "efficient enforcer" holding. We cited it for its forceful rejection of *Libor I*'s "antitrust injury" ruling. As to that point, Defendants are speechless. As to the distinct "efficient enforcer" issue, the fact *Alaska Electrical* involved a so-called "direct-purchaser" scenario does not mean the court held that other scenarios are unviable.

*Second*, on injury-in-fact, Defendants note that some *Alaska Electrical* transactions were "expressly tied to ISDAfix." But this is another misdirection. *Alaska Electrical also* included transactions that were *not* tied to the benchmark. As to those transactions, the banks argued the complaint failed for not specifying what time of day a transaction occurred, versus what time of day the impact of "banging the close" abated.[1] Judge Furman's recognition that the complaint

---

[1] *See, e.g.*, *Alaska Electrical*, 14-cv-7126 (S.D.N.Y.), Dkt. No. 204 (Defendants' MTD Reply) at 20-21 (arguing that "[f]or their transactions not linked to ISDAfix" injury-in-fact was not well-pled because plaintiffs were "conspicuously silent as to whether Plaintiffs transacted before, during, or after" the alleged "shock" of the manipulation).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

adequately pled that *all* the plaintiffs and *all* the transactions at issue were validly part of the case was thus a square rejection of the *exact same arguments* Defendants have made to this Court.

*Third*, on plausibility, Defendants observe that there were allegations in *Alaska Electrical* not present here. But that says little more than that the benchmarks were set in different ways: ISDAfix is nominally a "poll," while the gold Fixing is nominally an "auction." That does nothing to change the fact that the arguments Defendants have made to this Court on plausibility—*e.g.*, that "expert" analysis of pricing behavior must be ignored; that "alternative explanations" hold sway; that government investigations need be ignored; that a benchmarking conspiracy is economically unfeasible due to the banks' differing portfolios; etc.—are simply incompatible with Judge Furman's reasoned holding.

*Fourth*, on timeliness, Judge Furman rejected Defendants' core position, *i.e.*, that the wrongdoing could not have possibly been concealed because the pricing data was public. He did so recognizing that, as here, "the trends identified in the Amended Complaint are subtle and required the aggregation of massive quantities of data." Op. at 33. The fact the *Alaska Electrical* complaint also alleged concealment by way of "affirmative misrepresentations" does not provide a distinction here,[2] let alone one worthy of taking this issue any more seriously than Defendants did when they (mis)placed it into a conclusory footnote at the end of their opening brief.

Respectfully submitted,

| | |
|---|---|
| /s/ Daniel L. Brockett | /s/ Merrill G. Davidoff |
| Daniel L. Brockett | Merrill G. Davidoff |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | BERGER & MONTAGUE, P.C. |
| 51 Madison Ave., 22nd Floor | 1622 Locust Street |
| New York, NY 10010 | Philadelphia, PA 19103 |

cc:     All Counsel of Record (via ECF)

---

[2] *Compare Alaska Electrical*, 14-cv-7126 (S.D.N.Y.), Dkt. No. 164 (ISDAfix Complaint) at ¶¶ 222-27 (alleging that defendants represented that ISDAfix was set according to a certain set of rules) *with In re Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, 1:14-md-02548, Dkt. No. 44 (Gold Complaint) at ¶ 334 (alleging that Defendants held out the Fixing as being impartial, stated that gold prices were the result of normal market conditions, and denied allegations of manipulation when reported in the press).