July 1, 2019

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:    *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni:

     Pursuant to the Amended Discovery Schedule (Dkt. No. 404) ¶ 11, Counsel for Plaintiffs and Defendants jointly submit this letter to provide the Court with a summary of the parties' progress in discovery.

1. **Document Production**

     Defendants are proceeding with their review of documents, and will produce documents pursuant to the deadlines set out in the Amended Fact Discovery Schedule (Dkt. No. 404). No material document productions have occurred since the entry of the Amended Fact Discovery Schedule. The parties also continue to meet and confer on the scope and anticipated production of documents by Defendants from non-custodial sources.

     HSBC is producing a "sample" of non-Fixing audio-recordings in accordance with the agreement of the parties and, on behalf of all Defendants, continues to produce audio-recordings of PM Fixing calls, with the most recent production made on June 25, 2019.

     In the May 1, 2019 joint status letter (Dkt. No. 399), Plaintiffs represented that their productions for the majority of Plaintiffs were "substantially complete." Defendants, who have had much of these productions since March 13, 2017, reviewed those productions and have concerns that the materials produced to date are insufficient to support Plaintiffs' claims. By letter dated June 14, 2019, Defendants asserted numerous deficiencies in Plaintiffs' productions, including the lack of electronic communications and that many of the produced trading records do not identify a named Plaintiff as a party to the trades, indicate whether a named Plaintiff was the seller or buyer, or even contain trade prices, dates, or timestamps.

     Plaintiffs disagree and responded by letter providing certain information and advising that further responses to the Defendants' asserted concerns will be forthcoming. Among other things, Plaintiffs advised that additional time stamp information for many Plaintiffs' gold contracts trades would be produced from third-party domestic exchanges, a process that Plaintiffs have explained to Defendants is being held up by Defendants' delay in providing the necessary identifying information. *See* Item No. 2 *infra*. Defendants disagree. The parties will continue to meet and confer on this issue.

## 2. Data Production

Defendants are proceeding with their review and production of data and will produce data pursuant to the deadlines set out in the Amended Discovery Schedule. The parties continue to discuss the scope and format of each Bank's production.

Plaintiffs are negotiating the production of relevant exchange futures and options data from two third-party domestic exchanges: the Chicago Mercantile Exchange ("CME" or "COMEX") and the Intercontinental Exchange ("ICE"). These exchanges have advised that they are willing to "unmask" (de-anonymize) Plaintiffs' and Defendants' gold contract trades in their available data. As a part of this process, in November 2018, Plaintiffs requested that each Defendant Bank produce a structured set of three types of identifying information used to submit the Banks' trades to the exchanges.[1] This information is necessary for the exchanges to proceed with processing and producing their data. Since Plaintiffs initial request to Defendants for identifying information seven months ago, the parties have communicated extensively about the content and scope of the anticipated production from CME.[2]

Defendants have represented to Plaintiffs that they are open to producing this identifying information, to the extent Defendants have and can access it, but have advised that more time is necessary to complete their data review. Because the parties cannot move forward with requesting data production from the exchanges without such identifying information, Plaintiffs have requested that Defendants provide this information as soon as possible, and no later than August 2, 2019. Defendants have not agreed to this date. Given the importance to Plaintiffs of obtaining this identifying information in the near term, the parties will continue to meet and confer about this issue.

## 3. Documents from LBMA/LPMCL/IBA for Hague Requests/Letters Rogatory

In order to refine Plaintiffs' Requests for International Judicial Assistance to the London Bullion Market Association (LBMA) and the London Precious Metals Clearing Limited (LPMCL), and an anticipated similar request to the ICE Benchmark Administration, Plaintiffs requested that Defendants determine if certain documents originating from these organizations could be found in central sources (that would not be subject to application of search terms) and utilize three agreed-upon search strings to identify whether they have the requested records within their files in order to prioritize those materials for review and production. Defendants have committed to identifying and producing such materials, to the extent responsive, pursuant to the Amended Fact Discovery Schedule (Dkt. No. 404), but will not agree to identify or prioritize these materials over the rest of the significant volume of material under review. Plaintiffs have received no assurances or indications from Defendants'

---

[1] Plaintiffs have requested that Defendants produce trader-specific identifiers (*e.g.*, Tag 50 IDs); identify the Futures Commission Merchants (FCMs) used by each Defendant Bank during the relevant period; and provide FCM account numbers used to submit trades on each Defendant's behalf to the relevant exchanges for each year of the class period broken down by specific contract.

[2] *See* Dec. 4, 2018 Ltr. from Plaintiffs' counsel to Defendants' counsel; Dec. 20, 2018 Ltr. from A. Conroy to M. Feldberg et al.; Dec. 21, 2018 Ltr. from T. Fishman to D. Brockett et al.; Dec. 21, 2018 Email from Plaintiffs' counsel to Defendants' counsel; Dec. 31, 2018 Email from T. Fishman to Z. Caplan et al.; Jan. 9, 2019 Email from Plaintiffs' counsel to Defendants' counsel; Jan. 9, 2019 Ltr. from T. Fishman to D. Brockett et al.; Apr. 26, 2019 Ltr. from A. Conroy to M. Feldberg et al.; May 2, 2019 Ltr. from T. Fishman to D. Brockett et al.; May 10, 2019 Ltr. from A. Conroy to M. Feldberg et al.; May 14, 2019 Ltr. from T. Fishman to D. Brockett et al.; June 14, 2019 Ltr. from A. Conroy to M. Feldberg et al.; June 27, 2019 Ltr. from Plaintiffs' counsel to Defendants' counsel.

counsel that they will even ask their clients whether such materials can be found in central sources. As this information is important for Plaintiffs' efforts to try to streamline their request for documents from third parties, Plaintiffs will attempt to continue to meet and confer with Defendants over this issue.

### 4. Closure of Swiss Competition Authority Precious Metals Investigation Without Finding of an Antitrust Violation

On June 6, 2019, the Swiss Competition Commission issued a press release confirming that it has closed its investigation of precious metals trading because unlawful agreements could not be established. In light of this development, Defendants requested that Plaintiffs withdraw the allegations in paragraphs 25, 284 and 286 of their Third Amended Complaint (TAC) which allege that conduct described in the TAC "has been confirmed by government regulators both domestically and abroad," including a reported Swiss Competition Commission investigation of "possible collusion in the precious metals market by several major banks." (TAC ¶¶ 284, 286.) Plaintiffs responded by letter dated June 28, 2019 stating that the closure of this investigation is irrelevant,[3] and that withdrawing the allegations is, therefore, unnecessary. Further, Defendants have not identified any need for, nor authority in support of, their request. Accordingly, Plaintiffs respectfully submit that no action is necessary and the parties should focus their efforts on moving discovery forward.

### 5. Plaintiffs' Petition for Writ of Mandamus to the Second Circuit

As of this filing, the Second Circuit has taken no action on Plaintiffs' Petition for a Writ of Mandamus filed on March 15, 2019.

---

[3] As the Court previously indicated: "I don't put a lot of stock in the fact that there are investigations because I was a government lawyer for a long time and I know what you need to open an investigation. By the same token, the fact that they closed it without charging anybody doesn't mean that everybody is innocent. So I don't put a lot of stock in it one way or the other." Apr. 16, 2016 Tr. at 116:2-8 (Dkt. No. 138).

Respectfully submitted,

/s/ Merrill G. Davidoff
  Merrill G. Davidoff
  Martin I. Twersky
  Michael C. Dell'Angelo
  Zachary D. Caplan
  BERGER & MONTAGUE P.C.
  1818 Market Street
  Philadelphia, Pennsylvania 19103

/s/ Daniel L. Brockett
  Daniel L. Brockett
  Sami H. Rashid
  Alexee Deep Conroy
  QUINN EMANUEL URQUHART & SULLIVAN, LLP
  51 Madison Avenue, 22nd Floor
  New York, New York 10010

*Interim Co-Lead Counsel for Gold Plaintiffs and the Proposed Gold Class*

/s/ Stephen Ehrenberg
  Stephen Ehrenberg
  William H. Wagener
  Virginia R. Hildreth
  SULLIVAN & CROMWELL LLP
  125 Broad Street
  New York, NY 10004

*Attorneys for The Bank of Nova Scotia Defendants and Liaison Defense Counsel*

/s/ Marc J. Gottridge
  Marc J. Gottridge
  Benjamin A. Fleming
  HOGAN LOVELLS US LLP

  390 Madison Avenue
  New York, NY 10017

*Attorneys for Defendant Société Générale*

/s/ Todd S. Fishman
  Michael S. Feldberg
  Todd S. Fishman
  Brian Fitzpatrick
  ALLEN & OVERY LLP
  1221 Avenue of Americas
  New York, NY 10020

*Attorneys for Defendant Barclays Bank PLC*

/s/ Damien J. Marshall
  Damien J. Marshall
  Leigh M. Nathanson
  Laura E. Harris
  BOIES SCHILLER FLEXNER LLP
  575 Lexington Avenue
  New York, NY 10022

*Attorneys for the HSBC Defendants*

/s/ James V. Masella, III

James V. Masella, III
R. James Madigan III
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant The London Gold Market Fixing Limited*

4