February 1, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the
 Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:   *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni:

Pursuant to the Amended Discovery Schedule (Dkt. No. 404) ¶ 11 and the Court's December 2, 2020 Order (Dkt. No. 482), Counsel for Plaintiffs and Defendants jointly submit this letter to summarize the parties' progress in discovery.

**1. Depositions**

Deposition discovery has commenced and the parties are coordinating, scheduling, and taking depositions.

In November 2020, the Court granted motions for the issuance of Letters Rogatory as to four former Barclays employees and one former employee of Société Générale ("SG") and issued the Requests for International Judicial Assistance accordingly. *See* Dkt. Nos. 467, 474. On January 5, 2021, Plaintiffs submitted an application requesting the examination of two former Barclays employees and one former SG employee to the Senior Master of the High Court of Justice of the Queen's Bench Division pursuant to this Court's Letters Rogatory. On January 6, 2021, the Senior Master granted Plaintiffs' request as to the two Barclays former employees. Plaintiffs subsequently served the order on the two witnesses, and are in the process of finding mutually convenient dates and arranging the logistics of their examinations. Plaintiffs await a decision by the Senior Master as to their application for the examination of the former employee of SG. Plaintiffs have reached or are in the process of reaching agreement with the additional witnesses who were the subject of the Letters Rogatory with the exception of one former Barclays employee, whom Plaintiffs have been unable to locate. Barclays indicated it is not aware of this former employee's current location.

The parties previously agreed that the number of cross notice depositions would be limited and that "[a]ny cross-notices that are withdrawn in good faith prior to the cross-noticed depositions being taken do not count against the above-stated limits."[1]  Following a disagreement

---

[1]  Nov. 5, 2020, Email from M. Gottridge to C. Enders et al.

at a deposition,[2] Plaintiffs proposed that any withdrawal of a cross notice be made at least 48 hours in advance of the start of the deposition of that same witness. On January 26, 2021, Defendants rejected this proposal. In particular, Defendants advised Plaintiffs that their proposal was impractical given that the decision to proceed with a cross-notice is a strategic decision which in many instances will depend on the scope of the original examination and the nature and content of the witness' testimony, something that cannot be addressed until after Plaintiffs' direct examination is completed (or nearly so). Defendants also noted that the concerns raised by Plaintiffs have not materialized during the course of depositions held to date. The parties will meet and confer on this issue.

On January 8, 2021, Defendants informed the Court that they intended to notice the depositions of Rosa M. Abrantes-Metz and Gustavo Bamberger, two of the consultants that prepared the statistical analyses in Plaintiffs' Third Amended Complaint. Plaintiffs informed the Court on January 12, 2021 that they would oppose these depositions, and the Court set a briefing schedule.

### 2. Privilege Logs

Defendants have produced categorical privilege logs accompanied by metadata logs for commercial transaction documents and traditional privilege logs for other categories of documents withheld, in whole or in part, as privileged. On November 20 and January 21, Plaintiffs notified The Bank of Nova Scotia ("BNS") and Barclays, respectively, as to several preliminary issues with the Banks' privilege logs. BNS responded on January 25, 2021. Barclays provided a preliminary response on January 28, 2021. The parties are continuing to discuss the scope of the issues and Plaintiffs await more detailed logs from BNS. BNS disagrees that its privilege logs are not sufficiently detailed but is considering Plaintiffs' requests.

### 3. Documents and Data Production

On Thursday January 21, 2021 and Friday, January 22, 2021, Plaintiffs received a production from the CME Group in response to Plaintiffs' subpoena. As indicated in CME's enclosure letter, the production contains the cleared, executed trade data for the time-period January 2004 through March 2016 excluding March 2007 through December 2007, a timeframe for which CME is continuing to gather data. Plaintiffs provided the produced data to Defendants on the next business day, Monday, January 25, 2021.

As previously reported, CME produced unmasked Globex Order Entry data for SG, HSBC, Deutsche Bank, and Barclays on September 24, but was not able to produce such data for BNS because CME is unable to distinguish between transactions attributable to BNS and transactions attributable to one of BNS's executing brokers. On January 14, 2021, CME advised

---

[2] During the first cross-noticed deposition, Barclays waited until the conclusion of Plaintiffs' examination to withdraw its cross-notice. Plaintiffs maintain that such a late withdrawal does not reflect "good faith" and should count against Barclays' agreed-upon numerical limits on cross-noticed depositions. Defendants disagree. Barclays maintains that its decision to withdraw its cross-notice was a strategic determination based on the content of Plaintiffs' examination and therefore could not be made until that examination was completed. Thus, Barclays maintains that the timing of Barclays' withdrawal of its cross-notice was entirely consistent with the arrangement reached among the parties and was done in good faith.

it had received consent from one of BNS's executing brokers to produce the data. Plaintiffs await production of this information from CME.

The parties continue to communicate on certain questions related to Defendants' production of transaction data. On September 16, Plaintiffs requested that Barclays produce trade confirmations for a subset of data. Barclays responded on January 21, 2021. On this point Barclays maintains that, after making diligent searches, it determined that the requested material is located on a system decommissioned in 2010. Through other searches, Barclays has been able to identify only a handful of trade confirmations from 2007 (approximately 7) and is working to determine if those materials can be harvested in a producible format. The parties' positions with respect to other transaction data issues as reported to the Court previously—including Plaintiffs' request that each Defendant provide "opening position" information and information to distinguish each Bank's risk-bearing trades in the transaction data produced, and Defendants' responses to that request (*see* December 1, 2020 joint status report (Dkt. No. 481 at 2))—remain unchanged.

On January 29, 2021, following the deposition testimony of Cengiz Belentepe indicating that he received daily reports providing information about Barclays' aggregate positions in gold, Plaintiffs reiterated their longstanding request that Barclays produce such reports providing periodic information about its holdings in gold. Barclays responded on February 1, 2021 that it regards this matter as closed. During Mr. Belentepe's deposition, he specifically testified that he did not receive a single report, but "a multitude of reports from different exposures and P&L" and that "different reports show different aspects." Jan. 25, 2021, Tr. at 207:2-3, 11-13, In this case, over a period of more than twelve months, Barclays maintains that it has documented to Plaintiffs that such materials have been produced and has identified numerous specific examples. In fact, during the deposition of Mr. Belentepe, Barclays introduced as exhibits two of the documents Plaintiffs are seeking and Mr. Belentepe confirmed that these were the sort of risk reports he would receive on a daily basis. Plaintiffs disagree and maintain that Mr. Belentepe testified to having received reports that showed Barclays gold positions on an aggregate basis, and at least some of those reports have not been produced.

4. Settlement

On December 7, Plaintiffs moved for an order providing for notice to the settlement class, and preliminarily approving the plan of allocation with respect to the settlements with Deutsche Bank AG and HSBC Bank plc. Dkt No. 488. On January 14, 2021, the parties appeared for a telephone status conference to discuss the proposed settlement motion during which the Court ordered Plaintiffs and settling Defendants to file a joint letter by February 5, 2021 addressing the issues raised at the conference. Dkt. No. 504. Additionally, Plaintiffs hope that this time will allow for the resolution of the outstanding issues regarding Defendants' potentially assisting with the notice program. Defendants maintain that, as discussed with the Court on January 14, they are working diligently to cooperate with Plaintiffs on matters relating to notice, consistent with the laws of relevant jurisdictions where they conduct business.

Respectfully submitted,

3

| | |
|---|---|
| /s/ Merrill G. Davidoff<br>Merrill G. Davidoff<br>Martin I. Twersky<br>Michael C. Dell'Angelo<br>Candice J. Enders<br>Zachary D. Caplan<br>BERGER MONTAGUE PC<br>1818 Market Street<br>Philadelphia, Pennsylvania 19103 | /s/ Daniel L. Brockett<br>Daniel L. Brockett<br>Sami H. Rashid<br>Alexee Deep Conroy<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010 |

*Counsel for Gold Plaintiffs and Interim Co-Lead Counsel for the Proposed Gold Class*

| | |
|---|---|
| /s/ Stephen Ehrenberg<br>Stephen Ehrenberg<br>William H. Wagener<br>Virginia R. Hildreth<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004 | /s/ Marc J. Gottridge<br>Marc J. Gottridge<br>Benjamin A. Fleming<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017 |
| *Attorneys for The Bank of Nova Scotia Defendants and Liaison Defense Counsel* | *Attorneys for Defendant Société Générale* |

| | |
|---|---|
| /s/ Todd S. Fishman<br>Todd S. Fishman<br>Brian Fitzpatrick<br>ALLEN & OVERY LLP<br>1221 Avenue of Americas<br>New York, NY 10020<br><br>/s/ Michael S. Feldberg<br>Michael S. Feldberg<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>750 Third Avenue, 24th Floor<br>New York, NY 10017 | /s/ Damien J. Marshall<br>Damien J. Marshall<br>Leigh M. Nathanson<br>Laura E. Harris<br>KING & SPALDING LLP<br>1185 6th Avenue<br>New York, NY 10010 |
| *Attorneys for Defendant Barclays Bank PLC* | *Attorneys for the HSBC Defendants* |

/s/ James V. Masella, III
James V. Masella, III
R. James Madigan III

4

PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendant The London Gold
Market Fixing Limited*