# EXHIBIT 2
# FILED UNDER SEAL

quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7086**
WRITER'S EMAIL ADDRESS
**samirashid@quinnemanuel.com**

January 5, 2021

VIA EMAIL

Stephen Ehrenberg
William Wagener
Virginia Hildreth
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Michael S. Feldberg
Todd S. Fishman
Brian Fitzpatrick
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

Marc J. Gottridge
Benjamin A. Fleming
HOGAN LOVELLS LLP
390 Madison Avenue
New York, NY 10017

James V. Masella, III
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Re: *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, Case No. 14-MD-2548

Dear Counsel:

We write in response to Defendants' November 24, 2020 letter ("Nov. 24, 2020 Letter") regarding Plaintiffs' production of materials underlying the Third Amended Complaint ("TAC").

As an initial matter, after over two years of back and forth between the parties on these issues, Defendants' letter confirms that contrary to what they represented to the Court, Defendants *can replicate virtually every analysis set forth in the TAC*. As you will recall, in response to Defendants' claim that they had "data and code for only four of the approximately 36 analyses described in the TAC," *see* August 21, 2020 Letter at 2, Plaintiffs indicated that they would consider specific requests for data or code that Defendants perceived was "missing," *see* September 29, 2020 Letter at 2-3. Defendants then reiterated their claim that they could not replicate the vast majority of TAC analyses during the October 28, 2020 conference:

> MR. EHRENBERG: Because from our analysis, we think we only have a complete set of code and data that accounts for about four of the roughly 36 analyses that we think were done. Now that's a conservative number because . . . [s]ome of them overlap so they're sort of double counting. *But for 32 of the analyses we don't have*

> *enough data or enough code to reproduce the results*. So we wrote that letter as an attempt to get what we didn't have.
>
> * * *
>
> THE COURT: Are you prepared to tell the plaintiffs which of the analysis it appears in the complaint you cannot replicate?
>
> MR. EHRENBERG: Yes, of course. . . .
>
> MR. RASHID: And a month ago we asked, we said we don't know what you're talking about with respect to [the 32 purportedly missing analyses], and we haven't heard a response.
>
> THE COURT: Okay. So there's some meeting and conferring that needs to occur.

Oct. 28, 2020 Tr. at 25:14-23, 33:6-24 (emphasis added).

Given Defendants' assertions that they could not replicate the TAC analyses, the Court ordered the parties to "meet and confer to determine what, if any, underlying datasets, computer programs, code, or other materials Defendants are missing *that is preventing them from replicating the charts and data analyses in the Third Amended Complaint, Dkt. 266*." Order, Dkt. 454 (emphasis added). And after the conference, Plaintiffs again asked Defendants to identify in writing the 32 analyses for which they believe they are missing data and code. *See* November 13, 2020 Email.

Defendants have now confirmed that their previous assertions were unfounded and that—with the exception of two appendices discussed below—their consultants have replicated each analysis set forth in the TAC. *See, e.g.*, November 24, 2020 Letter at 2 (identifying Appendices A and B of the TAC as the only analyses Defendants cannot replicate). Yet as discussed below, Defendants continue to rehash their assertions that Plaintiffs have not been forthcoming with respect to Appendices A and B of the TAC. As explained below, this is incorrect. Plaintiffs have not only produced all the materials required by the Court's February 25, 2019 Order but have repeatedly answered Defendants' interrogatory-like inquiries regarding Appendices A and B. *See, e.g.*, April 5, 2019 Letter at 2; June 7, 2019 Letter at 2-3; January 23, 2020 Letter at 2-3.

Defendants also raise a new set of inquiries about what they characterize as "sensitivities," many of which they admit are simply analyses they "expected" Plaintiffs' consultants to perform. But, again, Plaintiffs have produced all the materials required by the Court's February 25, 2019 Order, and nothing in the Court's orders requires Plaintiffs to entertain Defendants' questions, including as to analyses that Defendants hypothesize must have been performed.

**1. <u>Appendix A</u>**

[redacted]

1 June 6, 2019 Letter at 2; January 23, 2020 Letter at 2-3.

2 April 5, 2019 Letter at 2; June 7, 2019 Letter at 2-3; January 23, 2020 Letter at 3.



**2. Appendix B**

**3. The Sensitivities**

Defendants' letter raises numerous questions seeking information about "sensitivities" they claim were run and other analyses Defendants hypothesize should have been run. Nothing in the Court's February 25, 2019 Order or its more recent order require Plaintiffs to answer such questions. As noted above, Plaintiffs have complied with the Court's February 25, 2019 Order. Plaintiffs are not aware of any additional data, code, and charts—whether related or unrelated to these "sensitivities" or otherwise—that remain to be produced.

[3] April 5, 2019 Letter at 2; June 7, 2019 Letter at 3; January 23, 2020 Letter at 3.

Respectfully,

*/s/ Sami H. Rashid*
Sami H. Rashid