# EXHIBIT 3
# EXCERPTED

```
1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3   Before The Honorable Laurel Beeler, Judge

4   BENSON WORLEY, and JOHNNY      )
    BOYD, individually and on      )
5   behalf of all others similarly )
    situated,                      )
6                                  )
            Plaintiffs,            )
7                                  )
        vs.                        )   No. C 12-4391 WHO (LB)
8                                  )
    AVANQUEST NORTH AMERICA, INC., )
9   a California corporation,      )
                                   )
10           Defendant.            )
    _____)
11
                                    San Francisco, California
12                                  Thursday, December 12, 2013

13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                              RECORDING
14

15  APPEARANCES:

16  For the Plaintiffs:
                                Edelson, LLC
17                              350 North LaSalle Street
                                Suite 1300
18                              Chicago, Illinois  60654
                            BY: BENJAMIN H. RICHMAN, Esq.
19
    For Defendant:
20                              Ropers, Majeski, Kohn &
                                  Bentley
21                              1001 Marshall Street
                                Suite 500
22                              Redwood City, California
                                  94063
23                          BY: N. KATHLEEN STRICKLAND, Esq.
                                DEVIN C. COURTEAU, Esq.
24                              LAEL D. ANDARA, Esq.

25
```

2

1  Transcribed by:                    Echo Reporting, Inc.
                                      Contracted Court Reporter/
2                                       Transcriber
                                      echoreporting@yahoo.com
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

35

```
 1              THE COURT:  Okay.

 2              MR. RICHMAN:  And can I ask one more question for

 3 clarification?

 4              THE COURT:  Yes.

 5              MR. RICHMAN:  So then beyond that is the idea that

 6 they give the complete hard drive, perhaps removing that

 7 information?

 8              THE COURT:  Yeah.

 9              MR. RICHMAN:  We're going to do a next step.

10              THE COURT:  Let's problem-solve in the --

11              MR. RICHMAN:  Step by step.

12              THE COURT:  They're going to -- the private

13 information is going to be protected by a protective order.

14 If there's privileged information, you guys need to meet and

15 confer to see if there's a technical solution to address

16 your concerns --

17              MR. RICHMAN:  I understand.

18              THE COURT:  -- to give you the environment, the

19 substantially similar environment, or procedures that are

20 going to satisfy you that they cannot ever get

21 information -- access to privileged information.

22              MR. RICHMAN:  Okay.

23              THE COURT:  Let's just see if there's -- let's see

24 if there's a problem before we make one.

25              MS. STRICKLAND:  I agree.
```

36

1          MR. RICHMAN:  Agreed.  Yeah.

2          MS. STRICKLAND:  I just have a worry -- I'll just

3  say that -- by removing -- I mean, it's destroying the

4  integrity of the evidence if we start removing things from

5  their computer.

6          THE COURT:  We're not doing that yet.  We will

7  talk about it before that happens.

8          MR. RICHMAN:  Yeah.

9          MS. STRICKLAND:  If there are -- that's what I'm

10 worried, that I don't want them to be --

11         THE COURT:  Let's worry if there's a problem --

12         MS. STRICKLAND:  -- removing privileged

13 information.

14         THE COURT:  No problems before their time.  If

15 there's no problem, there's no problem.

16         MR. RICHMAN:  We are not going to remove anything.

17         MS. STRICKLAND:  Don't remove anything.

18         MR. ANDARA:  We'll get the privilege log, and then

19 we'll meet and confer to see how we can get it.

20         THE COURT:  Yeah.  I'll write something that says

21 that.

22         Okay.  Let's talk about your expert.  Okay.  So

23 all the cases that I'm familiar with are -- I'm going to

24 call them the declarations in the summary judgment context.

25         MR. RICHMAN:  Right.

37

1          THE COURT:  It does seem that -- it seems

2 problematic to me, the sword and the shield argument that

3 when you rely on a consulting expert to help you do your

4 allegations in your complaint, that you can't have -- you

5 know, you look at the summary judgment declaration cases,

6 and they end up targeting it to what you say.  It's not like

7 broad ranging.  They end up targeting it to what you say in

8 the complaint.

9          MR. RICHMAN:  Right.

10          THE COURT:  And so that's my reaction here.  And

11 there's no -- there's nothing I could come up with in sort

12 of this procedural context, which I'm going to call the

13 attack of the pleadings context.  But there it is.  And you

14 put it in.

15      And I didn't see any authority except for the summary

16 judgment authority, and that authority seems to me to allow

17 some kind of a limited targeted discovery.

18          MS. STRICKLAND:  We -- especially when Judge

19 Illston relied on it in her order.  Well, there was a second

20 motion to dismiss to kick out the fraudulent concealment.

21          THE COURT:  Yes.  Yes.

22          MS. STRICKLAND:  And she relied on it.  So they

23 can't say, well, gee, he works for our firm now and --

24          THE COURT:  You don't get free range to get that

25 kind of --

38

1          MS. STRICKLAND:  Well, no, but -- we didn't.  We

2   only said it's a fact-specific inquiry.  A factual basis

3   upon which you -- the statements were made.

4          MR. RICHMAN:  Right.

5          MS. STRICKLAND:  It's discovery as to that.

6          THE COURT:  So was there --

7          MS. STRICKLAND:  And our solution would be, if

8   they don't want us to take that discovery, then they get rid

9   of the fraudulent concealment count of the complaint.  I

10  mean --

11         MR. RICHMAN:  Judge, a few issues.  First, that

12  takes a far too narrow view of the discovery they've asked

13  for.  They've asked for this expert's entire computer.

14         THE COURT:  No.  No.  I appreciate that.  I mean,

15  I'm saying they're not broad.

16         MR. RICHMAN:  And the other thing is that -- I'm

17  sorry.  I don't mean to disagree outwardly with your Honor,

18  but --

19         THE COURT:  You're supposed to disagree if you do

20  disagree.  That's fine.

21         MR. RICHMAN:  At this point, we have an expert

22  discovery schedule set.  March 28th is the first disclosure

23  deadline.  Any expert, any testimony, any report that we

24  intend to rely on in this case, they will absolutely get.

25  And they'll get to test all of that.  They'll get to depose

*Echo Reporting, Inc.*

39

1 that expert and delve into it.

2      We wouldn't be able to rely on this expert at trial or

3 class certification or anything if we didn't actually do

4 that.

5           THE COURT:  Well, yeah.  No.  I appreciate that.

6           MS. STRICKLAND:  This is factual discovery.

7           THE COURT:  Right.  Well --

8           MS. STRICKLAND:  It's not an expert.  And so we're

9 willing to tailor it to that, and we can --

10          THE COURT:  You've got your fact disclosure and

11 your expert disclosure deadlines.  The information needs to

12 be disclosed.  I have no idea -- it would be narrow, just

13 like a declaration attached to a summary judgment motion,

14 the cases that support that.

15      You'll have to figure out what the timing is and not --

16 you know, you've got your ordinary timing issues that are

17 already at play in the case, and I would think that the

18 disclosure here -- I mean, it's fact discovery sort of, but

19 it's really kind of targeted expert discovery.

20      My view is it would go in the expert disclosure

21 guideline deadlines.  You'll coordinate what it would be at

22 the same time.  It shouldn't be that big a deal.

23          MR. RICHMAN:  Right.  And the other issue is that

24 this person is an employee of our firm.  So just like when

25 we say this is a factual -- the complaint is partially based

47

1                   CERTIFICATE OF TRANSCRIBER

2

3       I certify that the foregoing is a true and correct

4  transcript, to the best of my ability, of the above pages of

5  the official electronic sound recording provided to me by

6  the U.S. District Court, Northern District of California, of

7  the proceedings taken on the date and time previously stated

8  in the above matter.

9       I further certify that I am neither counsel for,

10 related to, nor employed by any of the parties to the action

11 in which this hearing was taken; and, further, that I am not

12 financially nor otherwise interested in the outcome of the

13 action.

14

15                  _____

16                  Echo Reporting, Inc., Transcriber

17                    Friday, December 20, 2013

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*