USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/2021

**MEMO ENDORSED**

May 26, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:   *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni,

Pursuant to Rule 2(c) of Your Honor's Individual Rules, Plaintiffs write to seek permission to keep the fact discovery period open beyond May 26, 2021 for the limited purpose of allowing the parties to resolve certain discrete discovery disputes or to bring them to the Court's attention.

As the parties previously reported, *see* ECF 541, Plaintiffs requested Rule 30(b)(6) data and document retention depositions for The Bank of Nova Scotia ("BNS"), and Société Générale ("SG") via proposed notices sent on April 15 and April 19, respectively. BNS and SG objected to the Rule 30(b)(6) depositions in their entirety on April 29th and May 3rd, respectively. In the last month, Plaintiffs worked in good faith to narrow these topics, including, per defense counsel's request, asking and listening to defense counsel elicit answers to certain of the data questions to witnesses in the remaining Rule 30(b)(1) depositions taking place in May and that have just recently concluded, thereby allowing Plaintiffs to fully assess the scope of the remaining issues. As Plaintiffs made clear to Defendants BNS and SG in communications on May 25th and May 26th, certain discrete data questions remain for each of these two Defendants. Plaintiffs expect that the majority, if not *all* of the remaining questions relating to Plaintiffs' proposed Rule 30(b)(6) topics can be addressed by written responses.

In light of these discrete outstanding data issues, Plaintiffs respectfully request the Court's permission to keep the discovery period open to resolve these issues. Assuming that Defendants' written responses to the outstanding questions are sufficient, Plaintiffs would forego requesting permission from this Court to take Rule 30(b)(6) depositions for these deponents. Although Plaintiffs and Barclays have requested and received permission to take Barclays' Rule 30(b)(6) deposition after the close of fact discovery, the parties have not previously sought an extension past the current fact-discovery deadline in relation to the Rule 30(b)(6) depositions of BNS or SG.[1]

---

[1] In addition, per prior agreement of the parties relating to a previously-scheduled deposition whose date changed to accommodate third-party counsel, Plaintiffs and Defendants will take the deposition of a former BNS trader on June 7, 2021.

Additionally, Plaintiffs continue to negotiate with all Defendants certain discrete disputes related to privilege logs as has been noted in the parties' monthly status reports. These issues will hopefully be resolved by agreement but may also require Court intervention.

Plaintiffs' request is intended solely to help resolve the parties' discussions on these outstanding fact-discovery issues, and is made without prejudice to any party's arguments as to whether the discovery is necessary or appropriate. BNS and SG do not consent to Plaintiffs' request, and maintain that Plaintiffs' efforts are untimely. Plaintiffs disagree.

If acceptable to the Court, the parties can further advise the Court as to the status of these ongoing negotiations in the forthcoming June 1, 2021 status report.

Respectfully submitted,

| | |
|---|---|
| /s/ Merrill G. Davidoff | /s/ Daniel L. Brockett |
| Merrill G. Davidoff | Daniel L. Brockett |
| Martin I. Twersky | Sami H. Rashid |
| Michael C. Dell'Angelo | Alexee Deep Conroy |
| Candice J. Enders | QUINN EMANUEL URQUHART & |
| Zachary D. Caplan | SULLIVAN, LLP |
| BERGER MONTAGUE PC | 51 Madison Avenue, 22nd Floor |
| 1818 Market Street | New York, New York 10010 |
| Philadelphia, Pennsylvania 19103 | |

*Counsel for Gold Plaintiffs and Interim Co-Lead Counsel for the Proposed Gold Class*

---

The fact discovery deadline is hereby adjourned to **Friday, July 9, 2021**. The fact discovery deadline will not be extended further. In line with Rule 3(B) of the undersigned's Individual Practices in Civil Cases, discovery disputes must be brought to the Court's attention in a timely fashion. The Court will not extend fact discovery further to allow the parties to bring such disputes before the Court.

The next pretrial conference, currently scheduled for Wednesday, June 9, 2021 at 11:00 A.M., is adjourned to **Friday, July 16, 2021 at 2:00 P.M.** The conference will be held by virtual means, to be arranged by the parties. *See* Endorsement, Dkt. 543. The parties' pre-conference submission is due no later than **Friday, July 9, 2021**. For the requirements of the submission, the parties should consult the third amended fact discovery schedule at docket entry 445. The pre-conference submission must include the virtual conference access information for the Court and for any interested members of the public. The Court reminds the parties that recording or rebroadcasting any proceeding is strictly prohibited by law.

SO ORDERED.

*[Signature: Valerie Caproni]*

Date: May 27, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2