June 1, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern
  District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:   *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni:

Pursuant to the Amended Discovery Schedule (Dkt. No. 404) ¶ 11, Counsel for Plaintiffs and Defendants jointly submit this letter to summarize the parties' progress in fact discovery.

### 1. Timeline

On May 27, 2021, the Court endorsed Plaintiff's May 26 request to keep the discovery period open to resolve discrete outstanding issues, extending the deadline for fact discovery until July 9, 2021. On June 1, following additional submissions from the parties, the Court declined to receive further briefing but clarified that the extension was "intended to give the parties sufficient time to resolve the discrete issues addressed in Plaintiffs' [May 26] application," and was "not a wholesale extension of fact discovery." Dkt. No. 552 at 2. Additionally, as set forth below, Plaintiffs' maintain that they will seek to meet and confer with Defendants regarding Defendants' May 26 Responses and Objections to requests for admission ("RFAs") and interrogatories and, to the extent necessary, Plaintiffs will raise any issues in advance of July 9. Defendants' maintain that the May 26 responses and objections were not among the "discrete issues" addressed in Plaintiffs' May 26 application, and therefore the fact discovery period has not been extended as to them. *See id.* Plaintiffs disagree that Defendants can refuse to meet and confer on their responses or that the RFAs or interrogatories are somehow untimely because, among other reasons: 1) Defendants never objected to the service of the RFAs or interrogatories, *see e.g.*, May 3, 2021 Joint Status Letter (Dkt. 541) at 1; and 2) Defendants' Responses and Objections were not fully served until the night of May 26, 2021.

### 2. Depositions and Written Discovery

With one exception,[1] Rule 30(b)(1) depositions in this case have concluded. Additionally, pursuant to the Court's endorsement following the parties' joint request, Plaintiffs will take a Rule 30(b)(6) deposition of a Barclays' corporate witness in June. ECF 547.

---

[1] Per prior agreement of the parties to accommodate the non-party counsel for a witness (a former BNS trader), Plaintiffs and Defendants will take the deposition of the trader on June 7, 2021.

On April 15 and 19, Plaintiffs sent scheduling communications with proposed notices for Rule 30(b)(6) depositions to BNS and SG.  Defendants timely objected to the deposition notices in their entirety on April 29 and May 3, respectively.  Plaintiffs subsequently obtained certain of the information requested from SG in Rule 30(b)(1) depositions in May and, promptly following the conclusion of the Rule 30(b)(1) depositions, proposed narrowed topics to SG on May 26.  Following up on BNS's April 29 objections, Plaintiffs proposed revised topics to BNS on May 25.  The parties have since exchanged letters and are meeting and conferring on this issue.  Plaintiffs believe that the majority, if not all, of these questions can be addressed by written responses.  Assuming that Defendants' written responses to the outstanding questions are sufficient, Plaintiffs would forego their request for Rule 30(b)(6) depositions from BNS and SG.  For the reasons set forth in their respective objections, BNS and SG maintain that no Rule 30(b)(6) depositions would be appropriate, though they are willing to respond in writing to reasonable and limited written requests for clarification about previously produced materials, in the spirit of cooperation and to facilitate expert discovery.

On May 26, Defendants served their Responses and Objections to Plaintiffs' First Set of Requests for Admission and Third Set of Interrogatories on the Fixing Bank Defendants and LGMF.  Plaintiffs are reviewing the adequacy of these responses and anticipate requesting a meet and confer with Defendants on their responses shortly.  Defendants' and Plaintiffs' respective positions on the timeliness of any such request is set forth in Section 1 above.

The briefing on Defendants' motion to take depositions of Dr. Abrantes-Metz and Dr. Bamberger is fully submitted.

### 3. Privilege Logs

On November 20, 2020, Plaintiffs notified BNS as to "several preliminary issues Plaintiffs identified to date" with certain of the Bank's privilege logs, including that the logs did not indicate which individuals were attorneys.  BNS disagreed that its privilege logs were not sufficiently detailed, and responded on January 19, 2021 requesting a meet and confer on the points raised by Plaintiffs and asking if Plaintiffs had identified any further issues.  BNS notes that the from/to/cc metadata of its original logs reflected in-house and external counsel:  the email addresses for many BNS in-house counsel appear with "legal" in the metadata (*e.g.*, "Keith Tuomi/**Legal**/ScotiabankGroup <keith.tuomi@scotiabank.com">), and the email aliases for external counsel include the law firm's name (*e.g.* icoles@**mayerbrown**.com"). Plaintiffs maintain that such information is not comprehensive. On January 22, 2021, Plaintiffs responded that BNS's privilege logs "include several threshold deficiencies which much be addressed in order for Plaintiffs to evaluate a large number of documents in the first instance," including a lack of information about which individuals were attorneys.  Plaintiffs' letter also identified what Plaintiffs maintain are two additional deficiencies, specifically that documents withheld on the basis of attorney-client privilege did not appear to involve an attorney and documents where privilege appeared to be waived due to the presence of third parties.  On May 1, 2021, BNS responded to the deficiencies raised by Plaintiffs—including noting that "the substance of a privileged communication can remain protected when communicated by one non-lawyer to others who are also within the attorney client relationship"—produced four previously withheld documents and revised redactions to two others, and produced revised versions of its original privilege logs reflecting changes to the privilege determinations for those six documents.  At

Plaintiffs' request and to resolve the dispute, BNS also produced in Excel format a list of outside and in house counsel. On June 1, 2021, Plaintiffs sent a letter to BNS objecting to withheld or redacted documents that Plaintiffs claim (i) do not involve an attorney, (ii) involve an attorney who is "one among numerous recipients or merely copied," or (iii) are improperly withheld on the basis of bank examination privilege or suspicious activity report privilege. BNS is reviewing Plaintiffs' letter. Plaintiffs continue to analyze BNS's revised privilege logs.

On May 25, following Barclays' April 30 responsive correspondence on privileged communications, Plaintiffs wrote to Barclays reiterating Plaintiffs' objection as to Barclays' withholding on the basis of privilege of: (i) emails to which an independent consulting firm was a party; and, (ii) emails between Defendants to which no attorney was a party and whose purpose Plaintiffs maintain was not to give or seek legal advice. In that same letter, Plaintiffs also inquired about the timing of Barclays' production of a subset of previously-withheld documents that Barclays indicated it would produce. On May 27, Barclays produced a set of previously withheld documents in full or redacted form. Plaintiffs are reviewing this production and await a response to Plaintiffs' May 25th letter.

On April 27, 2021, soon after the deposition of Douglas Beadle, in which Plaintiffs maintain Mr. Beadle testified that he was "a consultant" for LGMF who did not ever "need to know" the legal advice LGMF received, Plaintiffs wrote to all counsel objecting to Defendants' withholding on the basis of privilege documents on which Mr. Beadle is included. LGMF maintains that Plaintiffs' reading of Mr. Beadle's deposition testimony is incorrect, the caselaw does not support their position, and that it has made clear to Plaintiffs on several occasions, including in a letter sent to Plaintiffs on May 7, that the attorney-client privilege attaches to documents created by or voluntarily disclosed to Mr. Beadle—LGMF's corporate administrator, secretary and a *de facto* employee—and that his involvement does not effectuate a waiver of LGMF's privileges and immunities. Plaintiffs disagree.

The parties exchanged letters on May 18 and 21 and met and conferred on May 17 and May 26. The parties agreed that LGMF will review its withheld documents where Mr. Beadle is a party to assess the propriety of the privilege claimed. To the extent that LGMF maintains its assertion of privilege for any of the documents on which Mr. Beadle is a party, Plaintiffs requested that LGMF provide additional detail to enable Plaintiffs to assess the validity of the claimed privilege.

Respectfully submitted,

| /s/ Merrill G. Davidoff | /s/ Daniel L. Brockett |
|---|---|
| Merrill G. Davidoff | Daniel L. Brockett |
| Martin I. Twersky | Sami H. Rashid |
| Michael C. Dell'Angelo | Alexee Deep Conroy |
| Candice J. Enders | QUINN EMANUEL URQUHART & |
| Zachary D. Caplan | SULLIVAN, LLP |
| BERGER MONTAGUE PC | 51 Madison Avenue, 22nd Floor |
| 1818 Market Street | New York, New York 10010 |
| Philadelphia, Pennsylvania 19103 | |

*Counsel for Gold Plaintiffs and Interim Co-Lead Counsel for the Proposed Gold Class*

| | |
|---|---|
| /s/ Stephen Ehrenberg<br>Stephen Ehrenberg<br>William H. Wagener<br>Virginia R. Hildreth<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br><br>*Attorneys for The Bank of Nova Scotia Defendants and Liaison Defense Counsel* | /s/ Marc J. Gottridge<br>Marc J. Gottridge<br>Benjamin A. Fleming<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br><br>*Attorneys for Defendant Société Générale* |
| /s/ Todd S. Fishman<br>Todd S. Fishman<br>Alexander K. Bussey<br>ALLEN & OVERY LLP<br>1221 Avenue of Americas<br>New York, NY 10020<br><br>/s/ Michael S. Feldberg<br>Michael S. Feldberg<br>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP<br>750 Third Avenue, 24th Floor<br>New York, NY 10017<br><br>*Attorneys for Defendant Barclays Bank PLC* | /s/ James V. Masella, III<br>James V. Masella, III<br>R. James Madigan III<br>PATTERSON BELKNAP WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, New York 10036<br><br>*Attorneys for Defendant The London Gold Market Fixing Limited* |