Jun. 15, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re:   *In re Commodity Exch., Inc. Gold Futures & Options Trading Litig.*, No. 14-MD-2548

Dear Judge Caproni:

Plaintiffs write briefly to clarify a minor, but important, procedural issue regarding the Court's recent adjournment of the fact discovery deadline and the Parties' need to meet and confer on Defendants' responses and objections to Plaintiffs' requests for admission ("RFAs") and contention interrogatories.

As background, Plaintiffs served their RFAs and contention interrogatories on April 26, 2021, which was 30 days prior to the then-existing deadline for the close of fact discovery. This comported with the operative scheduling order (Dkt. 445 ), S.D.N.Y. Local Rule 33.3 and common practice. *See e.g.*, S.D.N.Y. L. R. 33.3(c) ("At the conclusion of other discovery, and *at least 30 days prior to the discovery cut-off date*, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.") (emphasis added); *Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011) ("[I]n the normal course, responses to contention interrogatories will be due at the very end of the fact discovery period."). Given this, any meet and confers and related motion practice would necessarily occur after the close of fact discovery.

Defendants filed their responses to the RFAs and contention interrogatories between 5:52 PM and 10:43 PM on May 26, 2021. On May 27, 2021, the Court extended the fact discovery deadline to July 9, 2021, and indicated that the deadline "will not be extended further." Dkt. 549, at 2. On June 1, 2021, the Court reiterated this extension of the fact discovery deadline, and stated that "any disputes must be brought before the Court in a timely manner," but noted that it was "not a wholesale extension of fact discovery." Dkt. 552, at 2.

Plaintiffs have diligently reviewed Defendants' responses to the discovery requests, and have already had one meet and confer with Defendants regarding the inadequacies with their responses. During that meet and confer, Plaintiffs offered to send Defendants a list of RFA and interrogatory responses that they consider deficient. Plaintiffs have, however, requested clarity from Defendants regarding Defendants' claim in the latest status report that the "fact discovery period has not been extended" with regards to disputes over their RFA and interrogatory responses. Dkt. 553, at 1. Although Defendants have indicated that they will continue to meet and confer, Defendants have also told Plaintiffs that they "reserve all rights, including with

respect to the timeliness of any hypothetical motion to compel" regarding their responses to the RFAs and interrogatories.

While Plaintiffs hope to resolve any issues concerning Defendants' responses without Court intervention, motion practice may be needed. Given Defendants' hedging (*i.e.*, saying they will meet and confer but also claiming fact discovery is closed as to the RFAs and contention interrogatories, and that any motion practice would be untimely), Plaintiffs are thus left in an untenable position.

Plaintiffs therefore respectfully request that the Court clarify if disputes over the RFAs and contention interrogatories can be properly brought before the Court prior to the July 9, 2021 fact discovery deadline. We thank the Court for its consideration of this issue.

Respectfully submitted,

| /s/ Merrill G. Davidoff | /s/ Daniel L. Brockett |
|---|---|
| Merrill G. Davidoff | Daniel L. Brockett |
| Martin I. Twersky | Sami H. Rashid |
| Michael C. Dell'Angelo | Alexee Deep Conroy |
| Candice J. Enders | QUINN EMANUEL URQUHART & |
| Zachary D. Caplan | SULLIVAN, LLP |
| BERGER MONTAGUE PC | 51 Madison Avenue, 22nd Floor |
| 1818 Market Street | New York, New York 10010 |
| Philadelphia, Pennsylvania 19103 | |

*Counsel for Gold Plaintiffs and Interim Co-Lead Counsel for the Proposed Gold Class*